MOSES CALL & *al. versus* WILLIAM J. PERKINS.

One part-owner of a vessel, who has given the bond provided in R. S. of 1841, c. 114, §§ 65 & 66, (R. S., c. 81, §§ 59 & 60,) and taken possession of the vessel for the purpose of dissolving an attachment thereof, made in a suit against another part-owner, and subsequently paid the judgment recovered in such suit, — holds the share of the vessel so attached as security for the amount of the judgment so paid, and is entitled to such share's earnings during such holding; and he may recover the same of the master who has adjusted the accounts with the ship's husband, paid other part-owners their share of the earnings, and promised him to pay his.

ON FACTS AGREED.

The plaintiffs, Moses Call and B. D. Metcalf, claimed, as joint owners of one-fourth part of brig Galena, to recover from the defendant one-fourth of the net earnings of the brig, from March, 1855, to June, 1856, while the defendant was master thereof, to wit, the sum of $337,24, the defendant

having made up his accounts to the latter date, which show $1348,96, due in all.

The defendant did not admit the plaintiffs to be owners, unless they became such previous to the time when he became master, by reason of the following facts : —

On Jan. 22, 1850, the brig was attached on several writs, duly sued out by his creditors, against one Isaac Taylor, of Boston, Call then owning one-half, Metcalf one-fourth, and Taylor the remaining one-fourth of the brig. The attaching officer took possession of the brig, and Taylor, though requested by the plaintiffs, neglected to relieve the brig from the attachments ; whereupon the plaintiffs, then part-owners, gave the bond provided by R. S. of 1841, c. 114, §§ 65 & 66, in the sum of $1200, and took possession of the brig. The suits against Taylor went to judgment, and, on demand by the officer holding the executions thereon, the plaintiffs paid equally, in satisfaction of the judgments, the sum of $1200.

Subsequently, and before the defendant became master, the plaintiffs sold their original shares, to wit, one-half and one-fourth, to Chamberlain & Foster, Miller & Hatch, and William A. Keagan. From that time to the time when the defendant left the brig, the ownership was as follows : — Chamberlain & Foster four-eighths, Miller & Hatch one-eighth, William A. Keagan one-eighth ; and, by the custom house records, one-fourth remained, during this time, as at the time of the attachments, in the name of Taylor ; and, after the defendant left the brig, the plaintiffs sold said one-fourth for $1000.

From the date of the bond to the time of the last sale by the plaintiffs, they claimed property in said one-fourth, under and by virtue of the bond, claiming to hold that share as security for the amount paid by them in satisfaction of the judgments against Taylor, never having any other title thereto. Their names were never in the papers as owners, nor was there any record in the custom house showing them to be such, prior to the sale of the Taylor one-fourth.

Chamberlain & Foster were ship's husband in 1855 and

Call *v.* Perkins.

1856, and the defendant rendered to them his account with the brig by him stated, in June 1856, in which he made due to the owners $1348,96.

In the summer of 1856, the defendant told Call that $337,24 were due to the one-fourth claimed by the plaintiffs, that he had adjusted the whole account with Chamberlain & Foster, and promised Call to pay it soon. The defendant told his father, James Perkins, to tell Call that he had done nothing with the brig, and was unable to pay him, but that he would pay him when he got able; that he settled with Miller & Hatch, paying Hatch what money he had and giving his note for the remainder.

If the plaintiffs were entitled to recover, the defendant was to be defaulted.

*Ingalls & Smith*, for the plaintiffs.

*J. H. Converse*, for the defendant.

DANFORTH, J. — The case finds that the plaintiffs took possession of one-fourth of the brig Galena by virtue of the provisions of the R. S. of 1841, c. 114, §§ 65 & 66, and subsequently paid the judgment recovered in the suit in which the brig was attached. They then held that share of the vessel by virtue of § 67 of the same chapter, as security for the amount so paid, and, while so holding, would be entitled to its earnings. Under this state of facts, the defendant run the vessel as master, and, before the commencement of this suit, viz., in June, 1856, adjusted the accounts with the ship's husband and found due the owners the sum of $1348,96, one-fourth of which belonged to the plaintiffs. After this he paid one of the owners his share and promised the plaintiffs to pay theirs. He then held the plaintiffs' share in trust for them, and is liable in this action. *Williams* v. *Williams*, 23 Maine, 17; *Taylor* v. *Richards*, 3 Gray, 326.

*Judgment for plaintiffs for* $337,24, *and interest from June*, 1856.

APPLETON, C. J., CUTTING, WALTON, DICKERSON and TAPLEY, JJ., concurred.